UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

       Plaintiff,                        No. 18-13845

v.                                      District Judge Matthew F. Leitman
                                         Magistrate Judge R. Steven Whalen

CORIZON HEALTH, INC., ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Charles Moore, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.[1] Before the Court is Defendant Janet Campbell's motion for summary judgment [ECF No. 30], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that Defendant Campbell be DISMISSED WITH PREJUDICE.

### I.   FACTS

At the time of the events giving rise to this cause of action, Plaintiff was a prisoner housed at the Gus Harrison Correctional Facility. *Amended Complaint*, ¶ 4, ECF No.16, PageID.62. He alleges that he was receiving ongoing treatment for serious medical

---

[1] Plaintiff filed his initial complaint on December 11, 2018 [ECF No. 1], and filed an amended complaint on February 12, 2019 [ECF No. 16]. Defendant Campbell was added in the amended complaint.

conditions, including Type I diabetes, hypertension, post traumatic stress disorder, and depression. *Id.* ¶ 7. One of his daily medications was a 10 mg dosage of Prozac, which he received from a nurse at the "Med-Line." He could recognize this medication as being a white capsule with two green stripes around the circumference. However, when he appeared at the Med-Line on August 5, 2018, Defendant Dawn Maly, a licensed practical nurse, presented him with a solid blue capsule.[2] Plaintiff alleges that despite his strong protestations, Maly ordered him to ingest the capsule. *Id.* ¶¶ 8-11.

Plaintiff alleges that about an hour and a half after ingesting the blue capsule, he became extremely sleepy and began experiencing nausea, body tremors, muscle weakness, excessive perspiration, and "an excruciating headache." *Id.* ¶ 12. He states that he was transported to Health Care Services, where it was determined that instead of Prozac, he was given Geodon, an antipsychotic medication that had been prescribed for a different prisoner who had not reported to the Med-Line since June of 2018. *Id.* ¶ 14. Plaintiff states that "Geodon is a powerful antipsychotic medication indicated for the treatment of schizophrenia and the manic symptoms of bipolar disorder, but contraindicated for diabetic patients and those who take Prozac." *Id.* ¶ 15.

Plaintiff's claims against Defendant Campbell are based on his allegation that she failed to take "corrective action," including giving proper training to the health care staff "with respect to the safety procedures and protocols in place for the safe dispensing of restricted medications." *Id.* ¶ 17.

Attached to her motion for summary judgment as Exhibit B is the Affidavit of

---

[2] Defendant Maly is not part of the present motion, and has not yet been served. On May 29, 2020, I ordered that the U.S. Marshal serve Defendant Maly [ECF No. 39]. However, given the havoc wrought by the COVID-19 pandemic, Marshal's service has been delayed.

Defendant Janet Campbell.  ECF No. 30-3, PageID.187-193, with attached medical records, *Id*. PageID.194-205.  In her affidavit, Campbell states she is employed as a Health Unit Manager ("HUM") at the Gus Harrison Correctional Facility, which "entails the coordination of all clinical activities, dental, medical, psychological services, mental health and all ancillary and support services." *Campbell Affidavit*, ¶ 3, ECF No. 30-3 PageID.188.  She states that Plaintiff filed a grievance concerning his being given the wrong medication, and that an investigation into that grievance showed that the nurse "inadvertently gave [Plaintiff] the medication Geodon instead of his prescribed Prozac." *Id*. ¶ 6. Campbell opines that "[t]he nurse's error in giving [Plaintiff] a different medication on a single occasion was not deliberate, but accidental or at most negligent." *Id*. ¶ 7.  She states that the pharmacy dispenses prisoners' medication, and that the nurses then give the prisoners their prescribed medication. She further states, "I do not run the pharmacy or dispense medication, nor do I give nurses the medication that they administer to prisoners in the medication line." *Id*. ¶ 13. Campbell adds that she did not have any personal involvement in giving Plaintiff his medication on August 5, 2018 or on any other day.  *Id*. ¶ 14.  Campbell states that procedures and protocols are in place to ensure accurate dispensing of medication, and that corrective action is taken "[i]f human error has taken place." Specifically, "[t]he Nursing Manager would have been directed to issue a verbal counseling and instruct on adherence to the medication administration policy." *Id*. ¶ 15.  She adds that "[a]ll nursing staff are trained in the medication administration policy." *Id*. ¶ 16.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

Defendant Campbell argues that summary judgment is appropriate because Plaintiff has not shown that she had any personal involvement in dispensing the wrong medication, and that § 1983 liability cannot be premised on a theory of *respondeat superior*. I agree.

The plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). Section 1983 liability "must be based on more than *respondeat superior*, or the right to control employees." *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006)("there is no *respondeat superior* liability under § 1983); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (Supervisory officials are personally liable in damages only for their own unconstitutional behavior). Moreover, being aware of an inmate's complaint and failing to take action does not create liability under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

In this case, Plaintiff does not allege, nor is there any evidence that Defendant Campbell had any direct or personal involvement in dispensing the wrong medication. And while as a Health Unit Manager she was involved in the overall coordination of clinical activities within the institution, it was the Nursing Supervisor, not Campbell, who was Nurse Maly's direct supervisor, and who would have monitored and, if necessary, corrected the activities of the nursing staff.[3] Campbell affirmatively states in her affidavit

---

[3] In his response, Plaintiff alleges subsequent occasions in 2019 where he was given the wrong medication. ECF No. 35, PageID.224-225. Those allegations are not part of his complaint or amended complaint, and should not be considered in relation to these proceedings. If Plaintiff has additional substantive claims, his remedy is to exhaust his administrative remedies and then file a separate complaint.

that she had no personal involvement, and has no role in the pharmacy or the dispensing of medication. And in terms of Plaintiff's suggestion that Campbell has supervisory liability because she failed to properly train the nursing staff regarding the dispensing of medication, Campbell states in her affidavit that in fact "procedures and protocols are in place to ensure accurate dispensing of medication," and that "[a]ll nursing staff are trained in the medication administration policy." These statements stands unrebutted by any evidence of lack of or inadequate training.

In *Boone v. Grant*, 2019 WL 2442317 (W.D. Mich. June 12, 2019), the plaintiff sued a Health Unit Manager where, as in the present case, a nurse had given an inmate the wrong medication. The HUM was dismissed based on the lack of personal involvement and the unsupportability of supervisory liability in a § 1983 case ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability"). *Id*. at *3. Likewise in this case, Defendant Campbell had no personal involvement in the alleged constitutional violation, and is entitled to summary judgment on that basis.[4]

Finally, Defendant is correct that to the extent that Plaintiff names Defendant Campbell in her official capacity, she is entitled to Eleventh Amendment immunity. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (quoting *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a

---

[4] There is no dispute that Plaintiff was erroneously given the wrong medication, and suffered an adverse reaction as a result. However, because Defendant Campbell is clearly entitled to dismissal on the basis of there being no showing of her personal involvement, it is not necessary to discuss her alternative argument that there is insufficient evidence to support a substantive Eighth Amendment violation, and at this time I make no finding one way or the other as to that claim.

waiver.").

## IV. CONCLUSION

I recommend that Defendant Campbell's motion for summary judgment [ECF No. 30] be GRANTED, and that she be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                         s/R. Steven Whalen
                                         R. STEVEN WHALEN
                                         United States Magistrate Judge

Dated: July 31, 2020

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing document was sent to parties of record on July 31, 2020 electronically and/or by U.S. mail.

                                      <u>s/Carolyn M. Ciesla</u>
                                      Case Manager