UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

    Plaintiff,

v.

CORIZON HEALTH, INCORPORATED,
JANET CAMPBELL and DAWN MALY,

    Defendants.

_____/

Case No. 4:18-cv-13845
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION TO AMEND (ECF No. 47) AND ALTERING THE CASE CAPTION ACCORDINGLY

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. On December 11, 2018, plaintiff Charles Moore, a prisoner proceeding *pro se*, filed a complaint alleging that Corizon Health, Inc. and Dawn Maly, a licensed practical nurse employed by the Michigan Department of Corrections ("MDOC"), violated his constitutional rights while he was a was a prisoner housed at the Gus Harrison Correctional Facility. (ECF No. 1). He later filed an amended complaint, naming Maly and a new defendant, Janet Campbell, an MDOC health unit manager. (ECF No. 16). This complaint did not name Corizon as a defendant, and it was subsequently

1

dismissed. (ECF No. 18). Campbell then moved for summary judgment, which was granted, and she was dismissed with prejudice. (ECF Nos. 42, 44). This left Maly as the sole defendant.

Moore now moves to amend his complaint for a second time, seeking to add new allegations against additional defendants, including the previously dismissed Campbell. (ECF Nos. 47, 48). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 43). For the reasons that follow, the motion will be GRANTED IN PART and DENIED IN PART,[1] and the Court will direct the U.S. Marshals to serve the second amended complaint upon Lori Kopka, Maly, C. Butts, Gregory Boyd, and Valerie Love, all of whom Moore alleges are employed with the MDOC at the Gus Harrison Correctional Facility.[2]

II. Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Rule 15(a)(1) allows a party to amend its pleading once, as a matter of course, and Moore has already exercised this right. Rule 15(a)(2) allows that other amendments may be made with the court's leave,

---

[1] A denial of a motion to amend is a non-dispositive order which the undersigned may resolve by order. *See Young v. Jackson*, No. 12-CV-12751, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) (citing 28 U.S.C. § 636(b)(1)(A); E.D. Mich. L.R. 7.1(e)(2)).

[2] Moore also names "Jane/John Doe, Regional Health Administrators" as defendants. However, the Court cannot direct service on unidentified persons.

which the court should give freely when justice so requires. Regarding this, the Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). Rule 15(a) creates a liberal policy in favor of granting leave to amend and is meant to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *see also Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (reversing the grant of a motion to dismiss because the district court failed to properly consider claims alleged in a pending motion for leave to amend).

### III.     Analysis

As noted, the only current defendant is Maly, who waived service of the first amended complaint on February 1, 2021. (ECF Nos. 50, 51). The Court finds that no undue prejudice to Maly by allowing Moore to again amend the complaint. Thus, Moore will be permitted to amend the complaint once more. However, as explained below, Moore is precluded from adding Campbell as a defendant.

3

Claim preclusion, or *res judicata*, applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Heike v. Central Michigan University Board of Trustees,* 573 F.App'x 476, 480 (6th Cir. 2014).  When a claim is dismissed with prejudice, as the claims against Campbell have been here, this constitutes a final decision on the merits.  *Fizer v. City of Burton*, No. 15-CV-13311, 2016 WL 6821989, at *3 (E.D. Mich. Nov. 18, 2016).  Moore's new allegations against Campbell arise out of the same set of facts as the previous allegations that were dismissed with prejudice, and the parties were the same.  Therefore, Moore cannot bring a claim against Campbell as alleged in the second amended complaint because she was previously dismissed with prejudice.

The Court otherwise grants Moore's motion to amend the complaint, and recognizes the second amended complaint (ECF No. 48) as the operative complaint, with the exception of Campbell.  The defendants in this matter are now the following MDOC employees at the Gus Harrison Correctional Facility: Lori Kopka, Dawn Maly, C. Butts, Gregory Boyd, and Valerie Love.  The case caption

shall be amended to reflect this, and the U.S. Marshals shall serve the second amended complaint upon each of these defendants.

IV.  Conclusion

For the reasons stated above, Moore's second motion to amend the complaint (ECF No. 47) is GRANTED IN PART and DENIED IN PART.

**SO ORDERED.**

Dated: March 18, 2021   s/Kimberly G. Altman
Detroit, Michigan   KIMBERLY G. ALTMAN
   United States Magistrate Judge

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2021.

   s/Marie E. Verlinde
   MARIE E. VERLINDE
   Case Manager