UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHARLES MOORE,

    Plaintiff,

v.

DAWN MALY, LORI KOPKA,
CHERYL BUTTS, GREGORY
BOYD, VALERIE LOVE, and
REGIONAL HEALTH
ADMINISTRATOR,

    Defendants.
_____/

Case No. 4:18-cv-13845
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 63)**[1]

I.    Introduction

This is a prisoner civil rights case under § 1983. Plaintiff Charles Moore, proceeding *pro se*, claims that Defendants were deliberately indifferent to his serious medical needs and violated his right to bodily integrity by presenting him with the wrong medication and ordering him to ingest it. *See* ECF No. 48 (the amended complaint). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 43). Moore now moves to compel

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Defendants to respond to his requests for production of documents under Federal Rule of Civil Procedure 26(b). (ECF No. 55). For the reasons that follow, Moore's motion will be DENIED.

## II.   Background

Moore requests that discovery be compelled regarding discovery requests 1 through 8 of his first set of requests. (ECF No. 63, PageID.367). Request 1 pertains to a Critical Incident Report "generated after the August 5, 2018, incident where Plaintiff Charles Moore was given the wrong medication." (*Id*.). Moore alleges that Defendants' response, that "they are not in possession of, nor are they authorized to provide Plaintiff his medical records," is "a disingenuous attempt to evade disclosure of evidence material to the claims for relief." (*Id*., PageID.367-368). Request 2 was a request for defendant Maly's Nursing Manager's Report in response to her verbal counseling received on August 5, 2018. (*Id*., PageID.368). Defendants purportedly responded that there are safety and security concerns with releasing the documents, and that they do not have access to the information responsive to this request. (*Id*.). Request 3, according to Moore, was for all CHJ-505, CHJ-683, and CHJ-684 reports from January 1, 2018 to December 31, 2019. (*Id*.). Defendants explain that CHJ-505 and CHJ-684 are patient-specific forms pertaining to when a prisoner has taken a particular prescribed medication, and CHJ-683 identifies all prisoners who are receiving medication during a calendar

month and the medication that they receive. (ECF No. 64, PageID.383). Moore does not state with specificity the reason Defendants objected to the request.

Request 4 asked for "copies of 'all' Emails, Memorandum, Electronically Stored Information, and Written Information, generated at Gus Harrison Correctional Facility, from January 1, 2018 through December 31, 2019, relating to 'all' incidents of prisoners being issued the wrong medication." (ECF No. 63, PageID.370). Moore alludes to Defendants' objections based on security, burden of production, and access to records, but again they are not stated with specificity.

Requests 5 through 8 are for production of various policies and procedures. (*Id.*, PageID.371). Moore insists that Defendants have objected to these requests. Defendants contend that there were no specific policies responsive to his requests, and have suggested policies with analogous topics, noting that all policies are available to Moore in the law library. (*Id.*; ECF No. 64, PageID.385).

### III. Analysis

Defendants argue that Moore's motion to compel should be denied because he did not comply with Local Rule 37.2. Local Rule 37.2 governs the form of discovery motions and requires that:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

3

E.D. Mich. LR 37.2.

Moore did not attach a verbatim recitation of each of the requested discovery and objections. Regarding discovery requests 1 through 8, some of Moore's contentions contain quotes of various parts of his requests and the Defendants' objections, while others contain no quoted language at all. *See generally* ECF No. 63. Defendants contend that Moore has misrepresented their responses and that they have properly responded. Because, however, Moore did not provide a verbatim recitation of the requested discovery and defendants' response, the Court is unable to determine whether Defendants properly responded and objected to Moore's discovery requests.

Courts have routinely held that a motion to compel is properly denied if the movant fails to comply with Local Rule 37.2. *See, e.g., Davis-Bey v. City of Warren*, No. 16-CV-11707, 2017 WL 6523645, at *3 (E.D. Mich. Dec. 21, 2017); *Ivezaj v. Detroit Pub. Sch.*, No. 14-CV-12286, 2015 WL 5120968, at *2 (E.D. Mich. Aug. 31, 2015) ("[T]he Court will not overlook Plaintiff's failure to adhere to the rules of this Court and will deny Plaintiff's Motion"). "Rule 37.2 is not merely a technicality. The Court cannot address a motion to compel without knowing: (1) the date on which the requests were served, (2) that the requests were served on the proper person(s), (3) the exact language of the requests, and (4) the opponent's responses and objections to the requests." *Davis-Bey* at *3.

As explained above, Moore did not provide the Court with sufficient information from which to consider his motion. Because of his failure to comply with Local Rule 37.2, the undersigned cannot evaluate the merits of his motion. Under these circumstances, his motion must be denied.

IV. Conclusion

For the reasons stated above, Moore's motion to compel (ECF No. 63) is DENIED.

SO ORDERED.

Dated: October 4, 2021  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager