UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE,

       Plaintiff,                        Case No. 4:18-cv-13845
                                        District Judge Matthew F. Leitman
v.                                        Magistrate Judge Kimberly G. Altman

DAWN MALY, LORI KOPKA,
CHERYL BUTTS, GREGORY BOYD,
VALERIE LOVE, and JOHN/JANE DOE
HEALTH ADMINISTRATORS,
       Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS JOHN/JANE DOE HEALTH ADMINISTRATORS WITHOUT PREJUDICE

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. On December 11, 2020, plaintiff Charles Moore, proceeding *pro se*, filed a second amended complaint alleging in part that "[d]efendant[s] Jane/John Doe, (Regional Health Administrators) failed to address and correct the systemic non-compliance . . . with respect to the safety procedures and protocols in place for the safe dispensing of

1

restricted medications." (ECF No. 48, PageID.325), ¶ 40. Moore also named Lori Kopka, Cheryl Butts, Gregory Boyd, Valerie Love, and Dawn Maly as defendants.[1]

Although the second amended complaint was filed well over a year ago, Moore has made no effort to identify these individuals other than to state that they are "Regional Health Administrators" or to effect service of process upon them. Accordingly, the undersigned issued an order for Moore to show cause on or before April 15, 2022, as to why the John/Jane Doe defendants should not be dismissed. (ECF No. 80). The order to show cause specifically stated that a "**[f]ailure to timely respond may result in a recommendation that the complaint be dismissed against these defendants**." (ECF No. 80, PageID.671) (emphasis in original). Moore has not responded to the order to show cause and the time for doing so has passed.

II. Analysis

Fed. R. Civ. P. 4(m) provides that if a defendant is not timely served, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] Kopka, Butts, Boyd and Love filed a motion for summary judgment. (ECF No. 66). On March 25, 2022, the undersigned issued a Report and Recommendation, recommending that the motion be granted. See ECF No. 79. The U. S. Marshal has recently been given the documents to serve Maly. See ECF No. 81.

specified time." As noted above, the undersigned gave Moore notice, by way of an order to show cause, that the John/Jane Doe Defendants were subject to dismissal for failure of service.

Because Moore was granted leave to proceed *in forma pauperis*, the Court ordered service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). However, it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service. *Herbert v. Roark*, No. 05-74754-DT, 2006 WL 1284695, *1 (E.D. Mich. 2006) (citing *Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001) and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *see also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (prison inmate bears the responsibility for providing defendants' proper addresses for Marshal's service). "Courts have upheld the dismissal of a *pro se* prisoner's civil rights complaint, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit against." *Herbert*, at *1 (citing *Jaakola v. Snyder*, 889 F.2d 1087, 1989 WL 137855, *1 (6th Cir. 1989)).

Moore has not provided the court with the identities or addresses of the John/Jane Doe defendants in order for them to be served. He has also been given the opportunity to provide their identities for service and has been warned that his failure to do so could result in dismissal. Despite this, Moore did not respond to

3

the show cause order or otherwise identify the John/Jane Doe defendants. Accordingly, the John/Jane Doe defendants should be dismissed without prejudice under Fed. R. Civ. P. 4(m).

### III. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the John/Jane Doe defendants be DISMISSED WITHOUT PREJUDICE.

Dated: April 26, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

4

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2022.

s/Carolyn Ciesla<br>
CAROLYN CIESLA<br>
Case Manager