UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHARLES MOORE,

    Plaintiff,

v.

DAWN MALY,

    Defendant.

_____/

Case No. 4:18-cv-13845
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING DEFENDANT'S MOTION TO TAKE DEPOSITION FROM PLAINTIFF (ECF No. 90)

I.

This is a § 1983 case in which plaintiff Charles Moore sues defendants, claiming they were deliberately indifferent to his serious medical needs and violated his right to bodily integrity by presenting him with the wrong medication and ordering him to ingest it. *See* ECF No. 48 (the amended complaint). The only remaining defendant is Michigan Department of Corrections (MDOC) nurse Dawn Maly (Maly). *See* ECF Nos. 44, 84, 88. Maly now moves for leave of court, as required under Federal Rule of Civil Procedure 30(a)(2)(B), to take the deposition

of Moore, who is currently incarcerated, by Zoom video conference on October 5, 2022.[1]  (ECF No. 90).  For the reasons that follow, the motion will be GRANTED.

## II.

Rule 30 provides broad access to persons for depositions; Rule 30(a)(2)(B), however, requires a party to obtain leave of court where, as here, "the deponent is confined in prison."  In determining whether it is appropriate to grant leave to conduct such a deposition, Rule 30(a)(2) provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[.]"  According to Rule 26(b)(1), the scope of discovery is as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  "The language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information."  *McGinnis v. Huq*, No. 16-cv-13461, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017) (emphasis in original).

---

[1] The discovery deadline in this matter is October 6, 2022.

Considering these factors, the Court concludes that Maly's request to depose Moore is consistent with the applicable Federal Rules of Civil Procedure and otherwise appropriate. Accordingly, Maly's motion is GRANTED. While it appears that Moore is currently confined at the Gus Harrison Correctional Facility, Maly may depose him via Zoom at whichever facility he is confined to on the date of the deposition.

SO ORDERED.

Dated: September 23, 2022  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2022.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager